UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| JOSE LUZUNARIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1698 (UNA) |
| | ) | |
| RAYMOND F. MORROGH, | ) | |
| COMMONWEALTH ATTORNEY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Jose Luzunaris' petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner currently is detained at the Federal Correctional Institution in Cumberland, Maryland, serving a sentence imposed by the Superior Court of the District of Columbia. *See* Pet. at 2, Dkt. 1. His "sentence is soon to be completed," *id.*, and because a detainer has been lodged against him, he remains at FCI Cumberland pending extradition to Fairfax County, Virginia, *see generally id.*, Ex. 6.

A federal court may issue a writ of habeas corpus if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner satisfies the "in custody" requirement if he is detained "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Here, petitioner does not challenge his Superior Court sentence, which has not yet expired, or the Federal Bureau of Prisons' authority to detain him, and thus fails to demonstrate he is "in custody" for purposes of § 2241. *See Asemani v. U.S. Bureau of Immigr. & Customs*

1

*Enf't*, No. 10-CV-1875, 2010 WL 11602753, at *1 (D. Md. Aug. 9, 2010) ("An alien who is confined pursuant to a criminal conviction, and who is subject to an immigration detainer which seeks notification in advance of release, does not satisfy the custody requirement.").

The Court also notes that a habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who in this case is the Warden of FCI Cumberland. This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Petitioner, therefore, "should name his warden as respondent and file the petition in the district of [his] confinement." *Evans v. U.S. Marshals Serv.*, 177 F. Supp. 3d 177, 182 (D.D.C. 2016) (quoting *Padilla*, 542 U.S. at 447).

The Court will grant petitioner's application to proceed *in forma pauperis* and will dismiss the petition and this civil action without prejudice. An Order is issued separately.

DATE: June 27, 2022

/s/
DABNEY L. FRIEDRICH
United States District Judge